IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DR. DAVID SCHULL, ) <br>     PLAINTIFF, ) <br> ) <br> ) <br> V. ) <br> ) <br> ) <br> DR. JOHN WARNER and ) <br> DR. BENJAMIN DEHNER, ) <br>     DEFENDANTS. ) | Case No. _____ <br><br> JURY DEMAND |

## COMPLAINT

Plaintiff Dr. David Schull ("Dr. Schull"), by and through counsel, files this Complaint against Defendants Dr. John Warner ("Dr. Warner") and Dr. Benjamin Dehner ("Dr. Dehner") and alleges as follows:

### INTRODUCTION

Dr. David Schull entered into a limited liability partnership, Associated Urologists of Nashville, LLP (the "Partnership"), with Dr. John Warner (Dr. Warner) and Dr. Benjamin Dehner (Dr. Dehner). On July 14, 2020, Dr. Schull, Dr. Warner and Dr. Dehner, on behalf of the Partnership, entered into a Lease for medical office space located at Plaza West, 4230 Harding Road, Nashville, Tennessee. As a condition of the Lease, Dr. Schull, Dr. Warner, and Dr. Dehner were required to execute a Guaranty of Lease. On July 31, 2021, Dr. Schull withdrew from the Partnership, and the Partnership elected to continue the business of the Partnership. However, Dr. Warner and Dr. Dehner failed to assume Dr. Schull's Guaranty of Lease, as required in their Partnership Agreement. Beginning in April 2022, Dr. Schull was required to begin paying one-

third of the entire monthly rent due to avoid default under the Lease. Dr. Schull brings this Complaint due to Dr. Warner's and Dr. Dehner's breach of contract.

**THE PARTIES**

1. Plaintiff Dr. David Schull is a resident and citizen of Montgomery, Alabama. He was a partner of Associated Urologists of Nashville, LLP, a Tennessee Limited Liability Partnership, until July 31, 2021.

2. Defendant Dr. John Warner is a resident and citizen of Nashville, Tennessee. He was a partner of Associated Urologists of Nashville, LLP, a Tennessee Limited Liability Partnership, beyond July 31, 2021, and until the Partnership's dissolution.

3. Defendant Dr. Benjamin Dehner is a resident and citizen of Nashville, Tennessee. He was a partner of Associated Urologists of Nashville, LLP, a Tennessee Limited Liability Partnership, beyond July 31, 2021, and until the Partnership's dissolution.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity among the parties and the amount in controversy, excluding interest and costs, exceeds $75,000.

5. Venue is proper in the Middle District of Tennessee pursuant to 28 U.S.C. § 1391(b) – (c) because the claim arose in this judicial district, and because the defendants are residents in this judicial district.

**FACTUAL ALLEGATIONS**

6. Dr. David Schull entered into a Partnership Agreement with Dr. John Warner and Dr. Benjaman Dehner on January 1, 2012. See attached Exhibit A ("Partnership Agreement").

7. The Partnership formed from that agreement was named Associated Urologists of Nashville, LLP.

8. The Partnership Agreement stated, "A Partner may voluntarily withdraw upon ninety (90) days written notice to all partners. Where dissolution has been caused by … withdrawal of a Partner, the other Partners may elect to continue the business without liquidation by (1) notifying the dissolving Partner of … such election within thirty (30) days after the dissolution, and (2) paying the existing Partner's proportional indebtedness of the Partnership or assuming such indebtedness and obtaining a release from such creditors of the withdrawn … Partner therefrom, or both." (Exhibit A, Section 16.)

9. The Partnership Agreement was in effect from January 1, 2012 through at least December 2021.

10. During that time, the Partnership entered into a Lease on July 14, 2020 for medical office space at Plaza West, 4230 Harding Road, Nashville, Tennessee (the "Lease").

11. The terms of the Lease run from November 1, 2020 until October 31, 2030.

12. The Base Rent due, pursuant to the Lease, is as follows:

| Lease Year | Annual Base Rent per RSF | Annual Base Rent | Monthly Base Rent |
|---|---|---|---|
| Lease Year 1 | $34.00 | $154.053.96 | $12,837.83 |
| Lease Year 2 | $35.02 | $158,675.64 | $13,222.97 |
| Lease Year 3 | $36.07 | $163,433.16 | $13,619.43 |
| Lease Year 4 | $37.15 | $168,326.64 | $14,027.22 |
| Lease Year 5 | $38.27 | $173,401.32 | $14,450.11 |
| Lease Year 6 | $39.42 | $178,612.08 | $14,884.34 |
| Lease Year 7 | $40.60 | $183,958.56 | $15,329.88 |
| Lease Year 8 | $41.82 | $189,486.48 | $15,790.54 |
| Lease Year 9 | $43.07 | $195,150.12 | $16,262.51 |

| Lease Year 10 | $44.36 | $200,995.20 | $16,749.60 |

13. As a condition to the Lease, Dr. Schull, Dr. Warner and Dr. Dehner were required to execute a Guaranty of Lease.
14. On November 1, 2020, the Partnership took possession of the premises and paid the rent from November 1, 2020 until March 1, 2022.
15. In early 2021 Dr. Schull communicated to the Partnership that he intended to retire, sell his home, and move his practice to Montgomery, Alabama.
16. Dr. Schull withdrew from the Partnership effective July 31, 2021.
17. The Partnership accepted Dr. Schull's withdrawal and continued as an ongoing entity.
18. However, Dr. Warner and Dr. Dehner failed to assume Dr. Schull's indebtedness as required in the Partnership Agreement.
19. Subsequently and unrelated to Dr. Schull's withdrawal, the Partnership dissolved in December 2021.
20. As a result of the dissolution, the Partnership was no longer able pay the rent due under the Lease.
21. Because of the failure of Dr Warner and Dr. Dehner to assume Dr. Schull's Guaranty of Lease, Dr. Schull has been, and will be, required to pay one third of the monthly rent due under the Lease to avoid a default under the Lease.
22. As a result of the unlawful actions of Dr. Warner and Dr. Dehner, Dr. Schull has been damaged and seeks specific performance according to the Partnership Agreement, all actual compensatory, consequential and incidental damages to which he is entitled, including any past rents paid and future rents due under the Lease. In total, this will exceed an amount of one million dollars.

## CAUSES OF ACTION:

### COUNT ONE: BREACH OF PARTNERSHIP AGREEMENT

23. Dr. Schull repeats and realleges each and every allegation above as if set forth in full herein.

24. Dr. Schull entered into the Partnership Agreement with Dr. Warner and Dr. Dehner on January 1, 2012.

25. A condition of the Partnership Agreement required Dr. Warner and Dr. Dehner to assume Dr. Schull's Guaranty of Lease upon Dr. Schull withdrawing from the Partnership.

26. Dr. David Schull withdrew from the Partnership effective July 31, 2022.

27. The Partnership accepted Dr. Schull's withdrawal and continued as an ongoing entity.

28. However, Dr. Warner and Dr. Dehner failed to assume Dr. Schull's Guaranty of Lease as required in the Partnership Agreement.

29. Subsequently and unrelated to Dr. Schull's withdrawal, the Partnership dissolved in December 2021.

30. As a result of the dissolution, the Partnership can no longer pay the rent due under the Lease.

31. Because of this, Dr. Schull has been, and will be, required to pay one third of the monthly rent due under the Lease to avoid a default under the Lease.

32. Dr. Warner and Dr. Dehner breached the Partnership Agreement by failing to assume Dr. Schull's Guaranty of Lease on or about July 31, 2021.

33. By failing to assume Dr. Schull's Guaranty of Lease, Dr. Schull has currently paid approximately $50,000 towards rent and is now liable for more than 7 years of future rent payments. Dr. Schull requests that Dr. Warner and Dr. Dehner be ordered to reimburse the $50,000 already paid and any amounts paid hereafter, assume the remaining portion of Dr. Schull's Guaranty of Lease and that he be compensated for any other expenses related to the Guaranty of Lease.

## COUNT TWO: DECLARATORY JUDGEMENT
(Pursuant to Tenn. Code Ann. § 29-14-104)

34. Dr. Schull repeats and realleges each and every allegation above as if set forth in full herein.

35. Dr. Schull entered into the Partnership Agreement with Dr. Warner and Dr. Dehner on January 1, 2012.

36. A condition of the Partnership Agreement required Dr. Warner and Dr. Dehner to assume Dr. Schull's Guaranty of Lease upon Dr. Schull withdrawing from the Partnership.

37. Dr. David Schull withdrew from the Partnership effective July 31, 2022.

38. The Partnership accepted Dr. Schull's withdrawal and continued as an ongoing entity.

39. However, Dr. Warner and Dr. Dehner failed to assume Dr. Schull's Guaranty of Lease as required in the Partnership Agreement.

40. There is a controversy among the former partners as to whether Dr. Warner and Dr. Dehner were required to assume Dr. Schull's Guaranty.

41. Dr. Schull requests and is entitled to a declaration pursuant to Tenn. Code Ann. § 29-14-104 that Dr. Warner and Dr. Dehner are required to assume Dr. Schull's Guaranty of Lease as required in the Partnership Agreement and/or obtain a release from the creditors.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

A. That judgment be entered in favor of Dr. Schull on his breach of contract claim in an amount to be determined at trial including all actual compensatory, consequential, and incidental damages;

B. That declaratory judgment be entered in favor of Dr. Schull and that Dr. Warner and Dr. Dehner be ordered to assume Dr. Schull's Guaranty of Lease;

C. That Dr. Schull be awarded prejudgment interest;

D. That Dr. Schull be awarded his costs incurred herein, including but not limited to, court costs and reasonable attorneys' fees; and

E. That Dr. Schull be awarded such other, further and general relief as this Court deems just and equitable.

## REQUEST FOR JURY TRIAL

Dr. Schull hereby makes a demand for a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

/s/Tara L. Swafford
THE SWAFFORD LAW FIRM, PLLC
Tara L. Swafford, BPR # 17577
Elizabeth G. Hart, BPR #30070
321 Billingsly Ct., Suite 19
Franklin, Tennessee 37067
Telephone: (615) 599-8406
Facsimile: (615) 807-2355
tara@swaffordlawfirm.com
betsy@swaffordlawfirm.com